PROB 12C
(6/16)

Report Date: October 6, 2021

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 08, 2021

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Luis Alberto Moran                Case Number: 0980 1:21CR02036-SAB-1

Address of Offender:                                Tieton, Washington 98947

Name of Sentencing Judicial Officer: The Honorable David L. Russell, U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Stanley A. Bastian, Chief U.S. District Judge

Date of Original Sentence: July 30, 2019

Original Offense:    Failure to Register as a Sex Offender, 18 U.S.C. § 2250(a)

Original Sentence:   Prison - 18 months            Type of Supervision: Supervised Release
                     TSR - 60 months

Asst. U.S. Attorney: Michael Davis Murphy          Date Supervision Commenced: March 6, 2020

Defense Attorney:    TBD                           Date Supervision Expires: March 5, 2025

### PETITIONING THE COURT

To issue a summons.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number    Nature of Noncompliance

1                   **Standard Condition # 4**: You must answer truthfully the questions asked by your probation officer.

                    **Supporting Evidence**: Mr. Moran is alleged to have violated his conditions of supervised release by failing to answer truthfully the questions asked by the probation officer on or before September 17, 2021.

                    Mr. Moran's supervised release conditions were reviewed with him on March 9, 2020. The offender signed his conditions of supervision, acknowledging an understanding of his conditions which includes standard condition number 4, as noted above.

                    On or about April 6, 2020, through September 17, 2021, Mr. Moran reported to the probation office that he lived at his reported address at 1311 Tieton Avenue, Tieton, Washington, where he did not actually reside. On September 17, 2021, this officer met Mr. Moran at his reported residence for the purpose of conducting a home visit. On that same date, Mr. Moran walked the supervisory probation officer and this officer through the reported residence and presented the home as his current residence. Mr. Moran later admitted he was homeless and was no longer residing at th reported location.

Prob12C
Re: Moran, Luis Alberto
October 6, 2021
Page 2

On September 20, 2021, Mr. Moran again admitted to this officer that he does not reside at the reported address and expressed he was homeless. Mr. Moran added he stayed at his reported estranged wife's residence on an "off and on" basis on or about April 6, 2020, through September 16, 2021.

Mr. Moran submitted monthly reports via the Electronic Reporting System from January through September 2021 reflecting no change in residence or employment.

2    **Standard Condition # 5**: You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 calendar days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence**: Mr. Moran is alleged to have violated his conditions of supervised release by failing to reside at the approved residence by the probation office on or before September 17, 2021.

Mr. Moran's supervised release conditions were reviewed with him on March 9, 2020. The offender signed his conditions of supervision, acknowledging an understanding of his conditions which includes standard condition number 5, as noted above.

On December 13, 2019, the probation office denied Mr. Moran's request to reside at his reported estranged wife's address, upon his release from custody.

On September 20, 2021, Mr. Moran reported to this officer that he had not resided at the approved residence since on or about April 6, 2020, and expressed he had been homeless. The offender also indicated he had stayed at his reported estranged wife's residence on an "off and on" basis since on or about April 6, 2020, through September 16, 2021.

3    **Standard Condition # 7**: You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence**: Mr. Moran is alleged to have violated his conditions of supervised release by failing to report a change in his employment to the probation office as of September 17, 2021.

Mr. Moran's supervised release conditions were reviewed with him on March 9, 2020. The offender signed his conditions of supervision, acknowledging an understanding of his conditions which includes standard condition number 7, as noted above.

On September 5, 2021, Mr. Moran submitted a monthly report to the probation office reporting he continued to work for his family-owned restaurant and did not report any changes in his employment.

On September 17, 2021, Mr. Moran's employer reported to this officer that Mr. Moran had not worked for his family-owned restaurant for the last couple months. On that same date, Mr. Moran reported to this officer that he had been unemployed for about a month.

4      **Special Condition # 4**: The defendant shall not be at any residence where children under the age of 18 are residing without the prior written permission of the U.S. Probation Officer.

**Supporting Evidence**: Mr. Moran is alleged to have violated his conditions of supervised release by staying at a residence where a child under the age of 18 was residing without receiving permission from the probation office on or before September 17, 2021.

Mr. Moran's supervised release conditions were reviewed with him on March 9, 2020. The offender signed his conditions of supervision, acknowledging an understanding of his conditions which includes special condition number 4, as noted above.

On September 20, 2021, Mr. Moran reported to this officer that he had resided with his estranged wife on an "off and on" basis on or about April 6, 2020, through September 16, 2021. Mr. Moran expressed that his 17-year-old child resides at that same residence.

5      **Special Condition # 7**: The defendant shall register pursuant to the provisions of the Sex Offender Registration and Notification Act, or any applicable state registration law. The defendant shall submit his/her person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of probation or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

**Supporting Evidence**: Mr. Moran is alleged to have violated his conditions of supervised release by failing to register pursuant to the provisions of the Sex Offender Registration and Notification Act as of September 17, 2021.

Mr. Moran's supervised release conditions were reviewed with him on March 9, 2020. The offender signed his conditions of supervision, acknowledging an understanding of his conditions which includes special condition number 7, as noted above.

On September 20, 2021, Mr. Moran admitted to this officer that he had failed to register as homeless between April 2020, and September 2021. On that same date, he indicated he stayed at his estranged wife's residence on an "off and on" basis between on or about April 6, 2020, and September 16, 2021. Neither of which were reported to the probation office or to the local sex offender registration office with the Yakima County Sheriff's Office.

Prob12C
**Re: Moran, Luis Alberto**
**October 6, 2021**
**Page 4**

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: October 6, 2021

s/Araceli Mendoza

Araceli Mendoza
U.S. Probation Officer

THE COURT ORDERS

[ ]  No Action
[ ]  The Issuance of a Warrant
[X]  The Issuance of a Summons
[ ]  Other

Signature of Judicial Officer

10/8/2021
Date